UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| United States of America, | ) | C/A No.: 8:97-cr-00170-GRA-4 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| James Edward Brown, | ) | |
| Defendant. | ) | |

This matter comes before the Court upon a motion for reconsideration of this Court's November 9, 2011 Order denying Defendant James Edward Brown's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act of 2010 and also denying Defendant's motion for an overrepresentation departure. Defendant was last sentenced on December 18, 1997 to 240 months each for Counts 1, 15, 17, 20, all such terms to run concurrent. This sentence was in compliance with the statutory minimum outlined in 21 U.S.C. § 841(b)(1)(A). Defendant's original motion requested a reduction pursuant to the guideline sentencing range that has subsequently been lowered for crack cocaine offenders, which was made retroactive by the United States Sentencing Commission pursuant to the Fair Sentencing Act of 2010 and 28 U.S.C. § 994(o). In its November 9, 2011 Order, this Court denied Defendant's motion because of the mandatory statutory minimum of 240 months applicable to Defendant's offense. *See* 21 U.S.C. § 841(b)(1)(A). This Court also denied Defendant's Motion for an overrepresentation departure pursuant to the U.S.

Sentencing Guidelines Manual § 4A1.3(b)(1) because none of the exceptions for modifying Defendant's term of imprisonment outlined in 18 U.S.C. § 3582(c)(2) applied.

Defendant brings this claim *pro se.* This court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Under Federal Rule of Civil Procedure 60(b), a court may grant relief from a judgment or order in some instances. Such instances include: mistake, newly discovered evidence, fraud on the Court, a void judgement, a satisfied judgement or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Defendant asserts that this Court should reconsider its decision for two primary reasons. First, Defendant disagrees with the manner in which his criminal history was calculated, arguing that it is "duplicitous." ECF No. 310. Second, Defendant argues circumstances have changed warranting a departure. Specifically, Defendant's daughter was born after he began serving time as a federal prisoner, and Defendant has reformed his ways as illustrated by his remaining infraction-free for more than a decade. Both of these arguments are invalid.

In essence, Defendant asks the Court to revisit its analysis of Defendant's Motion to Reduce Sentence. After a review of the record, including the assertions

made by Defendant in his recent Motion, this Court finds that its prior decision was and is correct as a matter of law. Consequently, this Court must deny Defendant's Motion.

Accordingly, Defendant's Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

Anderson, South Carolina
November 29, 2011

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within fourteen (14) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**